UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ALAN SHORT,

        Petitioner,                              Case No. 09-12171
                                                    Honorable David M. Lawson
v.                                                   Magistrate Judge Paul J. Komives

MITCH PERRY,

        Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Gerald Alan Short was convicted by a jury in the Kent County, Michigan circuit court of third-degree criminal sexual conduct and sentenced to prison for 15 to 30 years. The victim in the case was a woman who testified that she attended a party at the petitioner's house after a night of drinking at various bars, and that the petitioner had sexual intercourse with her after she had passed out, although she awoke briefly during the sex act to protest. After his conviction was affirmed by the Michigan appellate courts, Short filed a *pro se* petition for a writ of habeas corpus in this Court under 28 U.S.C. § 2254. The case was referred to Magistrate Judge Paul J. Komives, who filed a thorough and lengthy report recommending that the petition be denied. Judge Komives considered the state's argument that review of many of the petitioner's claims were barred by the doctrine of procedural default, but he concluded that addressing the merits was the most efficient way to proceed. Judge Komives concluded that the petition ought to be denied on the merits and a certificate of appealability ought to be denied. The petitioner has filed timely objections to the report and recommendation.

Objections to a report and recommendation are reviewed de novo. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

I.

The petitioner first objects to the magistrate judge's rejection of the petitioner's claims of prosecutorial misconduct. He says that testimony from a cell mate, Roy Pierce, about the petitioner's jailhouse confession was tainted and prejudicial, and his reference to the non-existent criminal charge pending against the petitioner undermined his right to a fair trial.

The petitioner takes issue with the magistrate's conclusion that Pierce's false statement about petitioner having another CSC charge did not likely lead to conviction. He says that Pierce's testimony in fact had a prejudicial effect that "sealed [his] fate," evidenced by the looks on jurors' faces and their putting down their note pads and not making another note for the remainder of the trial. The petitioner argues that his case is indistinguishable from *Washington v. Hofbauer*, 228 F.3d 689 (6th Cir. 2000), in which the court held, among other things, that the prosecutor engaged in misconduct by improperly emphasizing evidence of the defendant's bad character during closing argument, resulting in a violation of the defendant's due process rights.

Contrary to the petitioner's assertion, the magistrate judge did not find that Pierce's erroneous testimony was immaterial. Rather, the magistrate judge concluded that the state court's

finding to that effect was not unreasonable. This Court must agree with the latter conclusion. "[N]ot every testimonial inconsistency that goes uncorrected by the government establishes a constitutional violation." *United States v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990). Therefore, to establish relief on his false testimony claim, the petitioner "must show (1) that the prosecution presented false testimony (2) that the prosecution knew was false, and (3) that was material." *Abdus-Samad v. Bell*, 420 F.3d 614, 625-26 (6th Cir. 2005). "Moreover, the [petitioner] must show that the statement in question was 'indisputably false,' rather than merely misleading." *Byrd v. Collins*, 209 F.3d 486, 517 (6th Cir. 2000) (quoting *United States v. Lochmondy*, 890 F.2d 817, 823 (6th Cir. 1989)).

The state court's finding that the comment was isolated and unlikely affected the outcome of the case is entitled to great deference. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, ---, 130 S. Ct. 1855, 1862 (2010). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012). The Court agrees with the magistrate judge's conclusion on this issue.

The petitioner objects to the magistrate judge's disposal of Pierce's testimony that he was not taking medications while incarcerated. However, the magistrate judge correctly pointed out that no constitutional violation occurred because the petitioner's trial counsel knew that Pierce in fact was taking medication, and his testimony to the contrary did not violate due process.

Next, the petitioner objects to the magistrate judge's finding that it was reasonable to infer from the testimony that the petitioner drugged the victim with GHB, a known date-rape drug, and

therefore the prosecutor's argument did not amount to misconduct. Once again, "[c]laims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Prosecutorial misconduct will form the basis for a new trial and habeas relief only if the alleged misconduct "'so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "To constitute a denial of due process, the misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the trial." *Byrd*, 209 F.3d at 529-30 (quoting *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997)). The magistrate judge identified evidence in the record that supported the inference urged by the prosecutor. The Court agrees with the magistrate judge's conclusions that no constitutional violation resulted from the argument.

II.

The petitioner next objects to the magistrate judge's application of the *Strickland* standard to his ineffective assistance of counsel claims. He says that defense counsel's failure to object to Pierce's false testimony should be found to amount to a Sixth Amendment violation. However, it appears that Pierce's statement was spontaneous and there was no time to object. The decision to leave the comment be — isolated as it was — is a legitimate strategic choice so as not to emphasize the harm. The state court thought so, and that decision cannot be second-guessed. "Surmounting *Strickland*'s high bar is never an easy task. . . . The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, --- U.S. ---, ---, 131 S. Ct. 770, 788

(2011) (citations and internal quotation marks omitted). No constitutional violation resulted from trial counsel's decision not to object.

The same must be said about trial counsel's decision not to impeach Pierce on his use of medications, and his decision not to question the nurse about the combined effects of Paxil and Alcohol. Those decisions are relegated to the category of trial strategy, not deficient performance.

The petitioner objects to the magistrate judge's finding that the petitioner's newly discovered evidence does not met the *Schlup* standard to establish his innocence. The petitioner argues that a reasonable jury would have reasonable doubt of petitioner's guilt if it were to view the entire case along with the newly produced affidavits. The Court finds that the magistrate judge correctly applied the applicable law to that issue, and the Court agrees with his conclusion.

III.

The petitioner also objects to the magistrate judge's finding that an evidentiary hearing is not necessary. The petitioner argues that a hearing is needed to address the issues of ineffective assistance of counsel and prosecutorial misconduct. The newly discovered evidence, the petitioner claims, could result in a remand for a new trial because the affidavits suggest that Pierce had targeted the petitioner and planned to perjure himself at the petitioner's trial.

The Court disagrees. "Under AEDPA, evidentiary hearings are not mandatory." *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003)); *cf. Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate."). The AEDPA permits a habeas petitioner to introduce new evidence in federal court "only if [the petitioner] was not at

-5-

fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed in § 2254(e)(2) were met." *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004) (citing *Williams v. Taylor*, 529 U.S. 420, 431-37 (2000)); *see also Garner v. Mitchell*, 502 F.3d 394, 405-06 (6th Cir. 2007), *rev'd on other grounds*, 557 F.3d 257 (6th Cir. 2009). Section 2254(e)(2) defines "fault" as occurring where the petitioner "has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The Supreme Court has explained that "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams*, 529 U.S. at 432; *see also Ivory v. Jackson*, 509 F.3d 284, 297-98 (6th Cir. 2007). "Diligence" requires "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435.

The petitioner made no formal request to the state courts for an evidentiary hearing to develop his claims. The Court agrees with the magistrate judge that the issues raised in the petition can be resolved on the existing record. The remainder of the petitioner's objection on this issue simply disputes the correctness of the magistrate judge's findings. The Court sees no merit to the arguments; therefore, the objections are overruled.

IV.

The Court agrees with the magistrate judge's statements of the law and his analysis. The petitioner's objections do not have merit. The magistrate judge correctly concluded that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's amended objections to the magistrate judge's Report and Recommendation [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the Report and Recommendation [dkt #17] is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 31, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL